IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:24-cv-4650-BHH |
| v. ) | |
| ) | **ORDER** |
| Brian Stirling, John Doe, ) | |
| Juliliette Scarborough, Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  This matter is before the Court upon Plaintiff Altony Brooks' ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

  On November 19, 2024, the Magistrate Judge issued an order directing Plaintiff to bring his case into proper form and informing Plaintiff that a failure to provide the necessary information may subject this case to dismissal. (ECF No. 4.) The Magistrate Judge entered a subsequent order extending the time for Plaintiff to bring his case into proper form, but Plaintiff failed to provide the necessary documents. (*See* ECF No. 8.) On January 6, 2025, however, Plaintiff filed a "motion in affidavit of involuntary dismissal and or appointment of counsel," which the Magistrate Judge denied while also granting Plaintiff another extension of time to bring his case into proper form. (*See* ECF Nos. 10, 11, 12.) The Magistrate Judge's January 14 order was returned as undeliverable. (ECF No. 15.) The Court re-mailed the order to the address provided by Plaintiff, but it was again returned as undeliverable. (ECF Nos. 17, 18.)

  Accordingly, on March 7, 2025, the Magistrate Judge issued a Report and

Recommendation ("Report") outlining the history and recommending that the Court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to bring the case into proper form and his failure to keep the Court informed in writing of his current address. (ECF No. 19.) On March 18, 2025, the Magistrate Judge's Report was returned to the Court as undeliverable. (ECF Nos. 21, 22.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court agrees with the Magistrate Judge's analysis and finds no clear error, as there is no question that Plaintiff has failed to keep the Clerk advised of a proper address and has failed to bring this case into proper form as ordered by the Court. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 19) and**

**dismisses this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.** *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990).

    **IT IS SO ORDERED.**

s/Bruce H. Hendricks  
United States District Judge

April 14, 2025  
Charleston, South Carolina